UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 6:13-cr-00036-GFVT-HAI |
| | ) | |
| V. | ) | |
| | ) | **ORDER** |
| SCOTT M. KADIK., | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

This matter is before the Court on Defendant Scott M. Kadik's violation of supervised release. Mr. Kadik has been charged with four violations. Magistrate Judge Hanly Ingram issued a Recommended Disposition pursuant to Defendant's violation. [R. 77.] Judge Ingram recommended incarceration for a period of twenty-one months with no supervised release to follow. [*Id*. at 11.]

**I**

**A**

Judge Ingram's Recommended Disposition accurately sets forth a more detailed account of the factual and procedural background of the case. Except for what the Court summarizes in its discussion below, the Court incorporates his discussion of the record and the standard of review into this Order.

This Court entered a judgment against Mr. Kadik on October 9, 2014, for possession of multiple unauthorized or counterfeit devices. [R. 42.] He was sentenced for thirty-six (36) months imprisonment followed by a three-year term of supervised release. [*Id*. at 2–3.]

Defendant Kadik began his initial term of supervised release in Little Rock, Arkansas on August 1, 2016. [R. 59-2.] He first violated the conditions of his supervised release on December 30, 2016 and was transferred to the Eastern District of Kentucky to continue his supervision. [I*d*.] Since Mr. Kadik was transferred, no action was taken except a referral to a substance abuse treatment program and the intensity of his supervision. [R. 45.] He violated the conditions of his supervised release a second time on May 15, 2018 and was sentenced to ten (10) months of incarceration, followed by a two-year term of supervised release. [R. 56.] Defendant began his second term of supervised release on February 16, 2018. [R. 77 at 2.]

Defendant Kadik recently violated his supervised release on April 27, 2018 by submitting a urine sample tested positive for methamphetamine. [R. 59-2 at 1.] Defendant violated the Mandatory Condition #3 that requires him to refrain from any unlawful use of a controlled substance. [*Id*. at 2.] This is a Grade C violation. [*Id*.] This conduct is also a violation of Mandatory Conditions #1 and #2, which prohibit the Defendant from committing another federal state, or local crime and unlawfully possessing a controlled substance. [*Id*.] This is a Grade B Violation. [*Id*.] On August 10, 2018, the USPO issued an addendum that charged Defendant with Violation #3, which includes a second violation of the mandatory condition that requires the Defendant to not commit another federal, state, or local crime. [R. 77 at 2.] On October 17, 2018, Mr. Kadik was convicted in Jefferson District Court of attempted theft of identity of another without consent, in violation of K.R.S. § 514.160. [*Id*. at 2–3.] This is a Grade C violation. [*Id*. at 3.] On August 14, 2019, the USPO filed another addendum that included an additional violation that alleges Defendant violated the condition that prohibits him from knowingly leaving the Eastern District without permission from the Court or the USPO. [*Id*.] This is also a Grade C violation. [*Id*.]

Defendant's criminal history category is VI and his admitted conduct is a Grade B[1] Violation. [*Id*. at 7.] According to the U.S. Sentencing Guidelines Manual § 7B1.4(a), Defendant's guideline range is twenty-one to twenty-seven months. Under 18 U.S.S.G. § 3583(e)(3), the maximum revocation sentence becomes twenty-one to twenty-four months.

Defendant entered a stipulation to the charged violations at a final hearing on September 5, 2019, conducted by Judge Ingram. [*Id*. at 3.] The parties presented a joint recommendation of twenty-one months of imprisonment with no supervised release to follow. [*Id*. at 4.] However, the parties disagreed regarding whether Defendant's term of imprisonment upon revocation be credited by his time served in state custody for similar conduct. [*Id*. at 5.] The government argued that Mr. Kadik should receive no credit for his time served in state custody since "the government's policy is to credit time served when a defendant is in federal custody, not state custody." [*Id*.] Defense counsel argued that Mr. Kadik should receive credit as time served since he spent time in state custody since August 2018 due to a federal holder. [*Id*.] The federal holder prevented Mr. Kadik from paying his bond and being released from state court. [*Id*.] Also, defense counsel argued that the parole violation Defendant was serving time for in state custody was for the same conduct underlying Violation #3. [*Id*.]

After hearing from the defendant and analyzing the record, Judge Ingram recommended revocation of Defendant's supervised release and twenty-one months imprisonment without credit for any state time and no supervised release to follow. [*Id*. at 11.] This is contrary to what Defendant argued for during his hearing. Judge Ingram supported the denial of credit for state

---

[1] *See* U.S.S.G. § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.").

time recommendation by explaining what led to his recommendation and this Court agrees with his reasoning.

**B**

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the R&R or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d. 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309, at *2 (6th Cir. 1997) (unpublished opinion)). A general objection that fails to identify specific factual or legal issues from the Recommendation, however, is not permitted, since it duplicates the magistrate's efforts and wastes judicial economy. *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

Mr. Kadik made a timely objection to the Recommendation. [R. 78.] He objected to the Magistrate Judge's recommendation that he should no receive credit for time served in state custody on state parole violations. [R. 79.] An allocution hearing was not held since Mr. Kadik filed a waiver of allocation. [R. 86.] Mr. Kadik's objection is sufficiently definite to trigger this Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewing the entire record, including the motions, briefing, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. For the following reasons, Defendant's objection will be **OVERRULED**.

4

## II

### A

First, Defendant "claims the federal detainer was the sole impediment to his release and resulted in him being unable to challenge the state charges." [R. 77 at 9.] However, Defendant has not provided any evidence or basis for this argument, resulting in pure speculation and a meritless argument. [*Id.*] "A detainer neither effects a transfer of a prisoner from state to federal custody nor transforms state custody into federal custody by operation of law." *Thomas v. Whalen*, 962 F.2d 358, 360 (4th Cir. 1992). "'Unlike a writ of habeas corpus *ad prosequendum* issued by a federal district court . . . a detainer merely puts the officials of the institution in which the prisoner is incarcerated on notice that the prisoner is wanted in another jurisdiction for trial upon his release from prison.'" *Id.* at 360–61 (citing *United States v. Mauro*, 436 U.S. 340, 358, 98 S. Ct. 1834, 56 L. Ed. 2d 329 (1978) (footnote omitted); *United States v. Bamman*, 737 F.2d 413, 415 (4th Cir.1984), *cert. denied*, 469 U.S. 1110, 105 S. Ct. 789, 83 L. Ed. 2d 783 (1985); H.R. Rep. No. 1018, S. Rep. No. 1356, 91st Cong., 2d Sess., pt. 3 (1970) ("A detainer is a notification filed with the institution in which a prisoner is serving a sentence advising that he is wanted to face pending criminal charges in another jurisdiction."), *reprinted in* 1970 U.S. Code Cong. & Admin. News, pp. 4864, 4865). Therefore, the fact that a federal detainer may have prevented Kadik from posting bond is irrelevant. Therefore, while Defendant has a federal detainer against him, the detainer did not transform his state custody into federal custody.

Regarding whether Defendant can be given credit toward his federal sentence for the time he spent incarcerated in primary state custody, 18 U.S.C. § 3585(b) states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

>    (1) as a result of the offense for which the sentence was imposed; or
>
>    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
>    that has not been credited against another sentence.

18 U.S.C. § 3585(b). In sum, "18 U.S.C. Section 3585(b) bars awarding any credit toward a federal sentence for the time he spent incarcerated in primary state custody, if that time was credited to the state sentence." *Ruff v. Butler*, 2016 U.S. Dist. LEXIS 49383, 2016 WL 1452375, at *7 (E.D. Ky. April 13, 2013). Further, U.S.S.G. § 7B1.3(e) states that "Where the court revokes probation or supervised release and imposes a term of imprisonment, it shall increase the term of imprisonment…by the amount of time in official detention that will be credited toward service of the term of imprisonment under 18 U.S.C. § 3583(b), other than the time in official detention resulting from the federal probation or supervised release violation warrant and proceeding." Therefore, the Sentencing Guidelines "indicate that sentences for violations of the conditions of a defendant's supervised release should run consecutively to any other sentence imposed, whether or not the other sentence is related to the same underlying conduct." [R. 79 at 3.]

Furthermore, Kadik has misinterpreted a specific statement contained in an Order issued by this Court, upon which he bases his argument. [*See* R. 78.] The Order states that when Kadik was sentenced for violations of the conditions of his supervised release, if he pleaded guilty, the Court would consider "his current state charges for similar conduct." [R. 66 at 255.] However, this is not a binding promise and the Court has discretion on whether or not to apply the state sentence for similar conduct at sentencing. This statement does not bind the Court "to any specific sentencing determination, reduction, or credit." [R. 79 at 3.] This Court has considered

6

the time the Defendant has served in state custody and the objection he has filed to ultimately decide this matter.

As Judge Ingram noted, the primary wrong in this case is the repeated violation of the Court's trust. [*See* R. 77 at 9.] His repeated violations demonstrate to this Court that he does not respect the guidelines placed on him due to this criminal activity and he has no intention to follow such guidelines. Therefore, Mr. Kadik's objection is overruled and he shall not receive any credit for time served in state custody on state parole violations.

## III

In conclusion, after reviewing *de novo* the portions of the record pertaining to this supervised release, this Court holds that Defendant's objection is **OVERRULED**.

For the foregoing reasons, and the Court being otherwise sufficiently advised, it is hereby **ORDERED:**

1. The **Defendant's Objection [R. 78]** to the Magistrate's Report and Recommendation [R. 77] is **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation [**R. 77**] is **ADOPTED** as explained by this order;

3. Scott M. Kadik is found to have violated the terms of his Supervised Release as set forth in the Petition filed by the U.S. Probation Office and the Recommended Disposition of the Magistrate Judge;

3. Defendant Kadik's supervised release is **REVOKED**;

4. Defendant Kadik is **SENTENCED** to the Custody of the Bureau of Prisons for a term of twenty-one (21) months without credit for any state time;

5. No supervised release to follow;

6. Because Defendant Kadik has submitted a Waiver of Allocution [R. 86], the final hearing scheduled for Friday, December 20, 2019 is **CANCELLED**; and

7. Judgment shall issue promptly.

This the 11th day of December, 2019.

Gregory F. Van Tatenhove
United States District Judge